UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA ALICIA JIMENEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 12-0267-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On February 22, 2012, Martha Alicia Jimenez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on May 23, 2012. On September 27, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 46 year old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on October 16, 2008, alleging disability beginning March 15, 2003. (AR 14.) Plaintiff has not engaged in substantial gainful activity since March 15, 2003, the alleged onset date. (AR 16.)

Plaintiff's claims were denied initially on April 3, 2009, and on reconsideration on May 27, 2009. (AR 14.) Plaintiff filed a timely request for hearing on June 11, 2009. (AR 14.) Plaintiff appeared and testified at hearings held before Administrative Law Judge ("ALJ") Michael D. Radensky on May 21, 2010, and September 24, 2010, in San Bernardino, California. (AR 14.) Claimant appeared at the hearings and testified with the assistance of a Spanish interpreter. (AR 14.) Plaintiff was represented by counsel. (AR 14.) Vocational expert ("VE") David A. Rinehart also appeared and testified at the hearings. (AR 14.)

The ALJ issued an unfavorable decision on October 14, 2010. (AR 14-27.) The Appeals Council denied review on January 5, 2012. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as the grounds for reversal and remand:

1. Whether the ALJ has properly considered the relevant medical evidence pertaining to Plaintiff's psychological/mental impairments.

2. Whether the ALJ has properly considered the relevant medical evidence pertaining to Plaintiff's physical impairments.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 15, 2003, the alleged onset date. (AR 16.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: history of right carpal tunnel release, mild cervical degenerative disc disease, and mood disorder. (AR 16. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 16-18.)

The ALJ then found that the Plaintiff had the RFC to perform less than the full range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> . . . can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 out of 8 hours with normal breaks; sit 6 out of 8 hours with normal breaks; perform occasional postural activities but cannot climb ladders, ropes or scaffolds, and is limited to occasional overhead reaching with the right upper extremity, frequent handling and fingering with her right upper extremity, and to performing unskilled work.

(AR 18.) In determining this RFC, the ALJ also made an adverse credibility determination, which is not challenged here. (AR 19.)

At step four, the ALJ found that Plaintiff is not capable of performing any past relevant work as an assembler and automotive/carburetor as generally performed. (AR 26.) The ALJ, however, found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including cleaner, housekeeping, shoe packer, and electronics worker. (AR 26-27.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 27.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the relevant medical evidence regarding Plaintiff's mental and physical impairments. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED PLAINTIFF'S MENTAL IMPAIRMENT

Plaintiff contends that the ALJ's RFC limitation to "unskilled work" fails to capture her mental limitations. The Court disagrees.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

The ALJ found that Plaintiff could perform a significant range of light work except that mentally she was limited to "unskilled work." (AR 18.) In making this finding, the ALJ relied on the opinions of consulting psychiatric examiner Dr. Ernest Bagner, Workers' Compensation examiner Dr. Martha Masson, and State agency reviewing physician Dr. Randall J. Garland. (AR 24-25.)

Consulting psychiatrist Dr. Bagner performed a complete psychiatric evaluation on February 8, 2009. He diagnosed depressive disorder, not otherwise specified, and found mild limitations interacting with supervisors, peers and the public, maintaining concentration and attention, and completing simple tasks. (AR 17, 23, 25, 312-13.) She would have mild to moderate limitations handling normal stresses at work, completing complex tasks, and completing a normal work-week without interruption. (AR 25, 312-13.)

Workers' Compensation psychologist Dr. Martha Masson examined Plaintiff twice in 2005 and diagnosed anxiety disorder, not otherwise specified. (AR 23.) Like Dr. Bagner, she opined that Plaintiff had but mild limitations in maintaining concentration and pace and in completing simple tasks. (AR 17.) She also opined that Plaintiff had very slight to slight limitations in her inability to comprehend and follow instructions, and to perform simple and repetitive tasks. (AR 25.)

State review psychologist Randall J. Garland, Ph.D., reviewed the medical evidence and completed a Psychiatric Review Technique form on March 16, 2009. (AR 24-25, 323-335.) He

diagnosed depressive disorder. (AR 326.) He also completed a Mental RFC Assessment, opining that Plaintiff was not significantly limited in the ability to carry out very short and simple instructions and to maintain attention and concentration for extended periods. (AR 337.) Dr. Garland's written comments were as follows:

> Overall, claimant is able to meet the basic demands of competitive, remunerative, unskilled work on a sustained basis, including the abilities to:
> 1. Understand, carry out and remember simple instructions.
> 2. Make judgments commensurate with the functions of unskilled work, i.e., simple work-related decisions.
> 3. Respond appropriately to supervision, co-workers and work situations.
> 4. Deal with changes in a routine work setting.

(AR 24-25, 339.) Dr. Garland's opinion constitutes substantial evidence because it is consistent with independent clinical findings or other independent evidence in the record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ reasonably translated these opinions into an RFC for less than the full range of light work, including a limitation "to performing unskilled work." (AR 18.) Unskilled work needs "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). Plaintiff argues that more mental limitations should have been included in Plaintiff's RFC, but there is no conflict or inconsistency between the ALJ's RFC and the opinions of Dr. Bagner, Dr. Masson, and Dr. Garland. Plaintiff obviously disagrees with the ALJ's interpretation of the medical evidence, but it is the ALJ who is responsible for resolving conflicts in the medical evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where, as here, the ALJ's interpretation of the medical evidence is reasonable and based on substantial evidence, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). The Court's conclusion also is buttressed by the ALJ's adverse credibility

determination that Plaintiff is less limited psychologically than alleged (AR 22), a finding Plaintiff does not challenge.

The ALJ did not err in considering Plaintiff's mental impairment. The ALJ's mental RFC is supported by substantial evidence.

## II.  THE ALJ PROPERLY CONSIDERED PLAINTIFF'S PHYSICAL IMPAIRMENTS

Plaintiff's next challenge to the ALJ's RFC is that the ALJ improperly considered Plaintiff's physical impairments. Specifically, Plaintiff contends that the ALJ improperly discounted Dr. To's opinion that Plaintiff needs a cane for ambulation. The Court disagrees.

### A.  Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating

physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews, 53 F.3d at 1041; Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Discussion**

Dr. To, whom the ALJ decision erroneously refers to as Dr. Reznick, performed an independent internal medicine evaluation on Plaintiff on December 21, 2009. (AR 350-55.) Acknowledging some joint pain, neck pain and lower back pain, he limited Plaintiff to six hours standing and walking in an eight hour work day and opined that Plaintiff can walk on uneven terrain on an occasional basis. (AR 354.) He observed, however, that Plaintiff "ambulates with a limp" and is "unable to ambulate without using her cane." (AR 352.) He also opined that she needs a cane for prolonged ambulation. (AR 354.)

The ALJ rejected Dr. To's opinion that Plaintiff needs a cane because "the objective medical evidence as a whole does not support this additional limitation." (AR 24.) Plaintiff claims that the ALJ "ignored and/or rejected" Dr. To's opinion "without any citations whatsoever to contradictory opinions." (JS 17:7-19.) Plaintiff's contention is without merit. The ALJ cited the opinion of consulting orthopedic surgeon Dr. Pamela Moazzaz, who examined Plaintiff on July 9, 2010. (AR 21-22, 24, 530-41.) Dr. Moazzaz stated that Plaintiff was "quite dramatic on exam and presents with a cane," but even though Plaintiff claimed that she is unable to ambulate without the cane, "she was witnessed ambulating at different velocities by the medical

staff outside of the examination room." (AR 21-22, 531-32.) Noting that Plaintiff was unreliable and inconsistent during the examination and finding that Plaintiff's subjective complaints were out of proportion to the objective findings (AR 534), Dr. Moazzaz opined that Plaintiff "does not require the use of an assistive ambulatory device." (AR 535.)

Plaintiff also fails to acknowledge or dispute the extensive evidence of malingering, exaggeration, lack of effort, and lack of cooperation and compliance reported by numerous independent medical examiners and thoroughly set forth in the ALJ decision. (AR 20-22.) Even Dr. To reported Plaintiff refused to cooperate in the exam, prompting him to state, "I was unable to properly evaluate given her complaints of pain and effort to do the exam." (AR 353.) The ALJ noted Plaintiff's lack of cooperation in this exam. (AR 21.)

The ALJ has the responsibility for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. The ALJ reasonably rejected Dr. To's opinion, which was based on Plaintiff's subjective complaints and exaggerated symptoms and were not credible, in favor of Dr. Moazzaz' opinion that Plaintiff had no need for a cane. The ALJ provided specific, legitimate reasons for rejecting Dr. To's opinion. Bayliss, 427 F.3d at 1216. The ALJ's interpretation of the evidence is reasonable, supported by substantial evidence, and should not be second-guessed. Rollins, 261 F.3d at 857; Burch, 400 F.3d at 679.[2]

The ALJ did not err in considering Plaintiff's physical impairments. The ALJ's physical RFC is supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

---

[2] Plaintiff also contends that the ALJ failed to discuss the MRI evidence of neuroforaminal narrowing in her cervical spine as of January 2008. Yet the ALJ acknowledged that Plaintiff had mild cervical degenerative disc disease (AR 16), and the ALJ's RFC is consistent with the opinions of numerous consulting examiners, including Dr. To in 2009 (without the cane) and Dr. Moazzaz in 2010, notwithstanding the MRI evidence cited. (AR 24.)

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 2, 2012            */s/ John E. McDermott*
                                                       JOHN E. MCDERMOTT
                                                    UNITED STATES MAGISTRATE JUDGE